IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CANAL INDEMNITY CORPORATION,** | § | |
| PLAINTIFF | § | |
| | § | C.A. NO. 07-1379 |
| vs. | § | |
| | § | |
| **ARMANDO P. AGUILAR, et. al.** | § | |

### MEMORANDUM AND ORDER

Canal Indemnity Corporation (the "Insurer") brought this declaratory judgment action seeking a determination that Insurer owed no duty to defend certain of its insureds and no obligation to pay any amounts toward any judgment that might be entered against them. The insureds have filed a motion for summary judgment seeking a determination that the Insurer does owe a duty to defend and, if necessary, pay up to coverage limits. The dispositive question is whether an exclusion in the pertinent insurance policy is valid, or void as against public policy of the State of Texas.

### I. FACTUAL AND PROCEDURAL BACKGROUND

At all relevant times, Canal had in effect a liability insurance policy covering Armando P. Aguilar d/b/a Aguilar and Son Trucking ("Aguilar"). Saul Mendez ("Mendez") was driving in the course and scope of his employment with Aguilar when he was involved in a vehicular accident that resulted in the death of Mendez's passenger Belyini Mendez-Ramos ("Mendez-Ramos"). Following the accident, Mendez-Ramos's parents, individually and on behalf of Mendez-Ramos's estate and minor child, filed suit against Aguilar and Mendez (and others) in state court. Mendez and Ramos requested a defense from Insurer. Insurer provided the defense subject to a reservation of rights.

Insurer subsequently filed this proceeding. Insurer seeks a declaration that the insurance policy's Occupant Hazard Excluded Endorsement ("OHEE") excluded any obligation that might arise from injury or death of an occupant of a vehicle covered by the insurance policy between Insurer and Aguilar. Mendez and Aguilar have now filed their motion for summary judgment seeking a determination that 1) the OHEE is void as against public policy, and/or 2) regulations promulgated pursuant to the Federal Motor Carrier Act mandate coverage in this circumstance.

## II. DISCUSSION

The parties agree that the insurance policy in question provides basic automobile liability insurance coverage on a primary basis and with a limit of $1,000,000. The insurance policy included, however, the OHEE. It provides as follows:

> It is agreed that such Insurance as is afforded by the policy for Bodily Injury Liability does not apply to Bodily Injury including death at any time resulting therefrom, sustained by any person while in or upon, entering or alighting from the automobile.
>
> It is further agreed that, in the event the company shall, because of provision of the Federal or State statutes become obligated to pay any sum or sums of money because of such bodily injury or death resulting therefrom, the insured agrees to reimburse the company for any and all loss, costs and expenses paid or incurred by the company.

Mendez and Ramos's argument that the OHEE should be held void as against Texas public policy is based on Texas state court precedents and decisions in other jurisdictions based on similar facts. The Insurer argues that the OHEE has been a part of Insurer's contracts of insurance for approximately two decades and no Texas court has ever held it to be void. Further, Insurer argues, for the OHEE to be held void, the insureds must identify a specific statute that the OHEE violates.

In resolving this issue, this Court, pursuant to *Erie Railroad Co. v. Tomkins*, 304 U.S. 64 (1938), must seek to determine how the issue would be resolved by the highest judicial authority

within the State of Texas. The starting point for that analysis is the plurality decision of the Supreme Court of Texas in *Nat'l County Mut. Fire Ins. Co. v. Johnson*, 879 S.W.2d 1 (Tex. 1993). There the Court invalidated an exclusion of any coverage for injuries to family members of the insured. Four members of the Court joined in the plurality opinion, and four dissented. Justice Cornyn's concurring and dissenting opinion, therefore, provides the holding. He said that the exclusion was invalid up to the minimum coverage mandated by applicable state insurance statute, but valid as to any amounts in excess of the minimum mandatory coverage. In this case, the parties agree that the minimum mandatory coverage is $1,000,000, which is also the amount of the liability coverage contracted for, so there is no need to draw the distinction that Justice Cornyn drew in *Johnson*.

Aguilar and Mendez point to five decisions in other jurisdictions that have invalidated the exclusion at issue here. The most recent of these is *Canal Insurance Company v. Ashmore*, 126 F.3d 1083 (8th Cir. 1997), in which an occupant of a semitractor truck had sustained injuries. The Court of Appeals there held the OHEE was void as against Arkansas public policy of requiring common carriers to maintain at least $25,000 in bodily injury coverage, but remained valid as to any amounts in excess of $25,000.

In *Powers v. Meyers,* 655 N.E. 2d 1358 (1995) (Ohio Ct. App. – First District) (per curiam), an employee was operating a tractor-trailer owned by his employer and, in direct violation of his employer's instructions, had five members of his family with him. An accident occurred resulting in the death of the driver and three of his family, and injuries to the other two. The Court of Appeals held that the OHEE was void as against *federal* public policy because it was inconsistent with a certificate issued by the Interstate Commerce Commision. The Court relied on the same language

that Aguilar and Mendez invoke as to their alternate argument for invalidation of the OHEE in this case. The Supreme Court of Ohio denied a discretionary appeal. 651 N.E. 2d. 1311 (1995).

In *Great West Casualty Company v. Canal Insurance Company*, 901 F.2d 1525 (10th Cir. 1990), the two parties each had insured the same trucking company. A truck belonging to the company was involved in an accident that killed a passenger, and Canal, relying on the OHEE, refused to pay any portion of the settlement that Great West had entered into. The Court of Appeals held that the OHEE was void as contrary to Kansas statutory law on mandatory coverage, but – again – only to the extent of the mandatory coverage.

In *Canal Insurance Company v. Benner*, 980 F.2d 23 (1st Cir. 1992) (per curiam), the Court of Appeals considered the OHEE as asserted against a truck passenger who had been injured. The Court affirmed the District Court's decision that the OHEE was void as contrary to the public policy of Maine, but – once again – only to the extent of the minimum coverage required by state law.

In *Canal Insurance Company v. F.W. Clukey Trucking Company*, 684 A.2d 953 (N.J. Super. Ct. App. Div. 1996), the Appellate Division of the New Jersey Superior Court held, in a conflict of laws context, that if New Jersey law were applicable, the OHEE would be invalid as to the entirety of the coverage amount.

In response, the Insurer asserts that all of the cases relied upon by the insureds dealt with liability coverage for personal rather than commercial vehicles. Unless this Court has seriously misapprehended these precedents, that is not true. Insurer further argues that Texas public policy has always been strongly supportive of freedom of contract. Although that is generally true, such a broad statement of principle must yield to the specific holding of *Johnson*.

This Court acknowledges considerable uncertainty as to its "*Erie* guess" under these circumstances. Although *Johnson* is the most nearly controlling precedent, it was a decision by a bare majority of a sharply divided court and in the context of an insurance contract for personal vehicular use. Nonetheless, this Court's duty under *Erie* requires fidelity to the decision in *Johnson* unless and until further guidance is received from state judicial authority.

The Court's decision makes unnecessary any consideration of the effect of any federal regulations that might apply. Moreover, the regulatory language upon which Aguilar and Mendez rely would apply, if at all, only when a final judgment is obtained in the underlying state court case.

### III. CONCLUSION

For the reasons given, the Court concludes that the OHEE is void to the extent that it seeks to exclude liability as requested by Insured. To that extent, summary judgment is entered for Aguilar and Mendez.

**IT IS SO ORDERED.**

Signed this 7th day of January 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE